NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JENNIE J. HEFFERN, PETITIONER, v. WOBURN DEGREAS-
ING COMPANY, RESPONDENT.

For the petitioner, *John L. Ridley*.

For the respondent, *Richard W. Baker*.

\*  \*  \*  \*  \*  \*  \*

At that time it was stipulated and agreed between the par-
ties that the facts in the case were as follows: That Martin
J. Heffern was employed by the respondent, the Woburn De-
greasing Company, on January 25th, 1928, and that he had
been employed by said respondent for several years past;
that his wages were $54 per week; that on the day in ques-
tion he left the place of his employment around noon and
went to his home for lunch; that on said journey he had no
errand to perform for the respondent. He drove his own
car, a Dodge touring car, which had been parked at the
plant. Upon returning and as he was about to turn into the
driveway of the plant, in fact, his car was partially in said
driveway, the sidewalk extending to the driveway and curb
and there is a center sidewalk of approximately six to eight
feet wide, when, in that position, his car was hit on the left
rear door by a Public Service bus. The petitioner's car was
thrown against the laboratory building which is located on
the corner, six to eight feet from the curb. The accident
resulted in the death of the said Martin J. Heffern on Janu-

ary 30th, 1928. Said Martin J. Heffern left the dependents upon him alleged in the petition.

It was further stipulated and agreed that the only question at issue is whether the accident arose out of and in the course of his employment and it was further stipulated that frequently during his noon hour when he went home to lunch he went on errands for his employer, but on this particular day he had no errand to perform.

On the stipulation as to facts given above it was agreed to submit the case on briefs and briefs were submitted both on behalf of the petitioner and the respondent.

After carefully reviewing the facts as stipulated in this case and after reading the briefs submitted in the matter, I have come to the conclusion that under the terms of the Workmen's Compensation law of this state as set forth in the leading case of *Bryant* v. *Fissel,* 84 *N. J. L.* 72, the deceased did not meet with an injury by accident arising out of and in the course of his employment. I find that the deceased took himself out of the course of his employment when he went home for lunch in his own car and he had not placed himself in the position to resume work at the time of the accident and therefore he was not in the course of his employment at the time of the accident.

I further find that the accident, as well as not arising in the course of the employment, did not arise out of the employment as the employment did not require the petitioner to use his personal car to return to the place of employment after going to his own home for lunch, and therefore I find that the accident did not arise out of the employment.

Accordingly, I hereby order that the case be dismissed without cost to either party.

CHARLES E. CORBIN,
*Deputy Commissioner.*